22-6431
Dong v. Garland

BIA
A087 651 012

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand twenty-four.

PRESENT:
> DENNIS JACOBS,
> RAYMOND J. LOHIER, JR.,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

XING FENG DONG,
> *Petitioner*,

v.                                                          **22-6431**
                                                            **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** John Chang, Esq., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Christina P. Greer, Senior Litigation Counsel; Matthew A. Connelly, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xing Feng Dong, a native and citizen of the People's Republic of China, seeks review of an August 25, 2022, decision of the BIA denying his second motion to reopen his removal proceedings as untimely and number-barred. *In re Xing Feng Dong*, No. A087 651 012 (B.I.A. Aug. 25, 2022 ). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion, and we review the fact-finding related to a changed country conditions determination for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). Dong does not dispute that his motion was untimely and number-barred because it was his second motion and he filed it in 2021, almost

five years after the BIA affirmed his removal order in 2016. *See* 8 U.S.C. § 1229a(c)(7)(A) (allowing for one motion to reopen), (C)(i) (setting 90-day deadline). Although there is an exception where a movant seeks reopening to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," *id.* § 1229a(c)(7)(C)(ii), we find no error in the BIA's conclusion that Dong failed to establish a material change.

In considering evidence of changed country conditions, "the BIA must compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) (quotation marks omitted). Dong moved to reopen to apply for asylum, asserting that he faced persecution as a political dissident under new Chinese security laws implemented in Hong Kong. Dong argues that the BIA ignored his evidence. But the BIA cited his evidence multiple times, and it is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered." *Jian Hui Shao*, 546 F.3d at 169 (quotation marks omitted). Moreover, as the BIA found, Dong presented evidence of worsened

3

conditions in Hong Kong, but he did not cite evidence of worsened conditions for political dissidents in mainland China, which is where he is from and where he was ordered removed to. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii) (requiring evidence of a "material" change). On this record, the BIA did not err in determining that Dong failed to show a material change in conditions in China since his hearing. *See Jian Hui Shao*, 546 F.3d at 157–58 ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision."). Because this finding is dispositive of the motion to reopen, we do not reach the BIA's alternative determination that Dong failed to establish a prima facie claim for asylum. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4